IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLA COLE, on behalf of O. C. V., a minor child, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:05-CV-0859-L |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

This is a social security case. Plaintiff Ola Cole ("Cole" or "Plaintiff"), on behalf of her child, O. C. V., seeks judicial review of a final decision of Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying her application for child's Supplemental Security Income ("SSI") benefits for disability due to attention deficit hyperactivity disorder. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr. for review and submission of proposed findings of fact and recommendation for disposition. On June 14, 2006, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. Neither party filed objections to the Report.

After an independent review of the pleadings, file, record, applicable law, and the magistrate judge's findings and conclusions, the court determines that the findings and conclusions of the magistrate judge are correct, and hereby **accepts** them as those of the court. Accordingly, the court

**vacates** the decision of the Administrative Law Judge and that of the Commissioner, and **remands** this action to the Commissioner for proceedings consistent with this order.

I.      **Factual and Procedural Background**

On February 7, 2000, Cole filed an application for SSI benefits on behalf of her child, O. C. V. The application was initially denied. Cole timely requested a hearing. Administrative Law Judge ("ALJ") Daniel Curran issued an unfavorable decision in the case on August 25, 2001. The ALJ determined, among other things, that O. C. V. was not disabled because he did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the requirements of a listed impairment. The Appeals Council denied Cole's request for review on February 23, 2005, and the ALJ's decision became the Commissioner's final decision for purposes of judicial review. Cole filed this action on April 29, 2005.

II.     **Legal Standards**

The court reviews the Commissioner's denial of social security benefits to determine whether the decision is supported by substantial evidence and whether the proper legal standards were used in evaluating the evidence. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Id.* (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The substantial evidence standard is less than the well-known preponderance of the evidence standard, but more than a mere scintilla of evidence. *Id.* That a different conclusion might be drawn from the evidence does not necessarily preclude a determination that the agency's decision was supported by substantial evidence. *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966). In determining whether substantial evidence exists,

**Memorandum Opinion and Order- Page 2**

the court reviews the entire record, but does not reweigh the evidence, or substitute its judgment for the Commissioner's. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

## III. Analysis

To prevail on her claim for child's SSI benefits, Cole bears the burden of proving that O. C. V. is disabled. An individual under the age of 18 is disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The magistrate judge determined that the ALJ erred by failing to explain his findings that O. C. V.'s condition did not meet or medically equal a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App. 1. As a result of the ALJ's failure, the magistrate judge found that the court could not conduct a meaningful review of his legal findings because it "is unable to ascertain either the listing or the specific criteria the ALJ applied before determining that O. C. V.'s condition did not meet a listed impairment." Report at 15. The magistrate judge recommends that the court vacate the Commissioner's decision and remand this action for additional proceedings consistent with his findings and conclusions. The court agrees.

With respect to Cole's contention that the ALJ erred by improperly rejecting the opinion of O. C. V.'s treating physician, the magistrate judge determined that the ALJ's rejection of the opinion was supported by substantial evidence. The magistrate judge found that the doctor's conclusions were contradicted by his own findings regarding O. C. V.'s mental status and ability to perform activities of daily living, and therefore the ALJ properly rejected them. The court agrees with this finding.

### IV.     Conclusion

The court has made an independent review of the pleadings, file and record in this case. The court agrees with the magistrate judge's findings and conclusions, and **accepts** them as those of the court. Accordingly, the court **vacates** the Commissioner's decision and **remands** this action for additional proceedings for the ALJ to evaluate the evidence and make specific findings of whether O. C. V.'s impairments meet or equal a listed impairment under 20 C. F. R. Pt. 404, Subpt. P, App. 1, including a discussion of the listings criteria that O. C. V. failed to satisfy.

**It is so ordered** this 31st day of July, 2006.

Sam A. Lindsay
United States District Judge